IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RITA N. FLOYD,

      Plaintiff,                  No. CIV S-11-0834 DAD P

   vs.

CDCR, et al.,

      Defendants.          <u>ORDER</u>

/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants the California Department of Corrections and Rehabilitation, the Department of Extradition, and Warden Ford of the Leo Chesney Community Correctional Facility. Plaintiff alleges that she was illegally extradited from New Mexico to California. Specifically, plaintiff alleges that she did not receive an extradition hearing and was extradited after the legal deadline for doing so had passed. Plaintiff claims that she is entitled to be released from confinement. (Compl. at 17 & Attachs.)

**ANALYSIS**

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his or her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, plaintiff is challenging her extradition, which ultimately resulted in her confinement at the Leo Chesney Community Correctional Facility. Plaintiff's success in this action would necessarily call into question the validity of her confinement. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all

of her constitutional claims in state court. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus). See also Nelson v. Lucas, No. 99-36127, 2000 WL 1411181 at *2 (9th Cir. Sept. 26, 2000) (affirming district court's dismissal of plaintiff's claims concerning his extradition from Nevada to Washington as Heck barred)[1]; Scott v. Director of Corrs., No. C02-3507CRB(PR), 2002 WL 1767415 at *1 (N.D. Cal. July 29, 2002) (dismissing civil rights complaint alleging extradition from Ohio to California was illegal without prejudice to the proper filing of a petition for writ of habeas corpus).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied; and

2. This civil rights action is dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief.

DATED: April 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
floy0834.56

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4